Mr. John Selig, Director Arkansas Department of Health and Human Services Post Office Box 1437, S-201 Little Rock, AR 72203-1437
Dear Mr. Selig:
I am writing in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA) (A.C.A. §§ 25-19-101-109 (Repl. 2002 and Supp. 2005)) as it relates to the Arkansas Child Maltreatment Act (A.C.A. §§ 12-12-501-519 (Repl. 2003 and Supp. 2005)) and the Arkansas Juvenile Code (A.C.A. §§ 9-9-303 (Repl. 2002) and 9-27-301-362 (Repl. 2002 and Supp. 2005)). Specifically, you have outlined the following scenario:
 Many of our employees are engaged in protective services activities for children and adults. Often their personnel records contain job information that is child maltreatment registry information, information regarding dependency-neglect proceedings, or both. A.C.A. 25-19-101 et seq., controls disclosure of personnel records and provides that job performance records may be released after final disposition of a suspension or termination if the disclosure does not constitute a clearly unwarranted invasion of the employee's personal privacy. However, A.C.A. § 25-19-105(a)(1) states that disclosure is required "Except as otherwise specifically prohibited . . . by laws specifically enacted to provide otherwise." A.C.A. § 12-12-506 prohibits disclosure of child maltreatment registry information except under limited and enumerated circumstances. A.C.A. § 9-27-352 prohibits disclosure of the records of juvenile proceedings except under limited and enumerated circumstances. Permitted disclosures under these statutes do not include Freedom of Information Act requests.
You state that "[t]o date the Department of Health and Human Services ['Department'] has taken the position that it must follow A.C.A. § 12-12-506 and A.C.A. § 9-27-352 in responding to Freedom of Information Act requests. However, we want to make certain that our position is legally correct."
RESPONSE
Not having seen any relevant records or been apprised of the specific circumstances giving rise to the interplay between the FOIA and A.C.A. §§ 12-12-506 and 9-27-352, I cannot make the necessary review to definitively ascertain whether the latter subsections require the nondisclosure of particular records or information. I can only opine generally that the FOIA in conjunction with subsections 12-12-506 and9-27-352 will require that central registry information obtained pursuant to the Child Maltreatment Act and information regarding proceedings under the Juvenile Code be excised from any otherwise open personnel or job performance record(s) prior to such records' release.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Subsection 25-19-105 provides in relevant part as follows regarding the examination and copying of public records:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a)(1)(A) (Supp. 2005) (emphasis added).
The FOIA therefore generally requires that all public records are open to inspection and copying unless specifically exempt under the Act or other state law. Your particular question implicates the exemptions under the FOIA for "personnel" and "job performance" records (A.C.A. § 25-19-105(b)(12) and (c)(1) (Supp. 2005)), as well as the so-called "catchall" exemption emphasized above. There is no question, in my opinion, that A.C.A. §§ 12-12-506 and 9-27-352 qualify as laws "specifically enacted" to provide for exemption from public disclosure of records that are otherwise open to inspection and copying under the FOIA. Subsection 12-12-506, pertaining to the disclosure of central registry data under the Child Maltreatment Act, states that "[a] report made pursuant to this subchapter shall be confidential and shall be used or disclosed only as provided in this section." A.C.A. § 12-12-506(a)(1) (Supp. 2005). Certain disclosures are authorized, but they are "absolutely limited" according to A.C.A. § 12-12-506(a)(2)(A) (Supp. 2005). Subsection 12-12-506(c)(1) provides, moreover, that "[a]ny person or agency to whom disclosure is made shall not disclose to any other person a report or other information obtained pursuant to this section."
Subsection 9-27-352 addresses confidentiality of records under the Juvenile Code in relevant part as follows:
 Records of the . . . proceedings under this subchapter shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq., unless:
 (1) Authorized by a written order of the juvenile division of circuit court; or
 (2) . . . the proceedings under this subchapter result in the juvenile's being formally charged in the criminal division of circuit court for a felony.
A.C.A. § 9-27-352(a) (Supp. 2005). [1]
Subsections 12-12-506 and 9-27-352 clearly qualify as exemptions to the FOIA. Accordingly, in the case of a personnel or job performance record that would otherwise be subject to disclosure in full under the applicable FOIA test, subsections 12-12-506 and 9-27-352 will require nondisclosure to the extent the record(s) contains information that is protected by these specific subsections. [2]
When applying this general principle to the question you have posed involving records that contain child maltreatment registry information and/or information regarding dependency-neglect proceedings, the proper approach, in my opinion, is to release the non-exempt personnel or job performance record after redacting any information that is exempt from disclosure under A.C.A. §§ 12-12-506 and 9-27-352. This is generally required, moreover, by the following provision of the FOIA pertaining to "commingled" information:
 (1) No request to inspect, copy, or obtain copies of public records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information.
 (2) Any reasonably segregable portion of a record shall be provided after deletion of the exempt information.
 (3) The amount of information deleted shall be indicated on the released portion of the record and, if technically feasible, at the place in the record where the deletion was made.
 (4) If it is necessary to separate exempt from nonexempt information in order to permit a citizen to inspect, copy, or obtain copies of public records, the custodian shall bear the cost of the separation.
A.C.A. § 25-19-105(f) (Supp. 2005).
It is therefore generally impermissible to deny access to records simply on the ground that exempt information is commingled with non-exempt information. Of course, the determination whether a particular record or information falls within A.C.A. § 12-12-506 or § 9-27-352 is one that must be made on a case-by-case, record-by-record basis. You have stated regarding many of your employees that "[o]ften their personnel records contain job information that is child maltreatment registry information, information regarding dependency-neglect proceedings, or both." I will acknowledge, but cannot test, this statement. I can do no more than reiterate that assuming a personnel or job performance record in fact contains information exempted by subsection 12-12-506 or 9-27-352, the reasonably segregable portion of the record must be provided after deletion of the exempt information.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:EAW/cyh
[1] See also A.C.A. § 9-27-309(a) (Supp. 2005), stating that "[a]ll records may be closed and confidential within the discretion of the circuit court. . . ."
[2] Please note that I addressed the matter of identifying "personnel" and "job performance records," as well as the relevant tests for the release of such records, in Op. Att'y Gen. 2006-171, issued to Judy Besancon, Office Administrator of the Department, on September 14, 2006. In lieu of restating the entire substance of that opinion, I have enclosed a copy for your convenience. I nevertheless find it necessary to clarify the test with respect to job performance records in light of your statement, appearing in the scenario which prompted your request for my opinion, that such records "may be released after final disposition of a suspension or termination if the disclosure does not constitute a clearly unwarranted invasion of the employee's personal privacy." I must point out that the emphasized condition does not apply to job performance records. This language instead derives from the exemption for "personnel records," which as explained in Op. 2006-171, supra, are distinct from job performance records. Personnel records are exempt from disclosure under the FOIA "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy[.] A.C.A. § 25-19-105(b)(12) (Supp. 2005).